Burket, C. J.
The circuit court was of the opinion that the action was barred by the six years statute of limitations, and that for that reason the demurrer to the petition should have been sustained.
T]ie money was loaned in the month of February, 1878, to be paid back in a short time, which would mean a reasonable time, not beyond one year.
The statute of limitations then in force was found in chapter 3 of the Code of Civil Procedure, and the limitation for the recovery of money loaned, not evidenced by written instrument, was six years. Section 19 of the Code was then a part of said chapter 3, and reads as follows:
“Section 19. If a person entitled to bring any action mentioned in this chapter, except for a penalty, or forfeiture, is, at the time the cause of *536 action accrued, within the age of twenty-one years, a married woman, insane, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter, after such disability shall be removed.” S. & C., 949. '
This section was carried into the Revised Statutes without change, and became section 4986, found in title 1, division 2, chap. 2, sub-division 3.
Said sub-division 3 of chapter 2 is devoted to the statute of limitations, and it is therein provided in section 4981, that actions upon contracts not in writing, can be brought only in six years after the cause of action accrues. This limitation subject to the saving clause in said section 4986, applies to the cause of action of the plaintiff. The question is, when was the disability of being a married woman in her case removed?
This section 4986 remained in the same form,- and with the same saving clause in favor of married women until March 26th, 1883, 80 O. L., 77, when it was amended so as to read as follows:
“Section 4986. If a person entitled to bring any action mentioned in this sub-division, except for a penalty or forfeiture is, at the time the cau§e of action accrues, within the age of twenty-one years, a married woman, insane, or imprisoned, such person may bring such action within the respective times limited by this chapter, after such disability is removed; provided, however, that the disability of being a married woman shall not extend to rights of action of a married woman, concerning her separate property, or growing out of or concerning business transacted in her own name.”
*537 The section as so amended became part of said chapter 2, sub-division 3, and is to be read and construed as if introduced into the place of the repealed section in said chapter and sub-division. McKibben v. Lester, 9 Ohio St., 627.
By this amendment of March 26, 1883, of said section 4986, the disability of being a married woman was removed as to rights of action concerning the separate property, and as the petition in this case shows that the money sought to be re. covered is the separate property of the plaintiff, it is urged, and the circuit court held, that the statute of limitations began to run upon the removal of her disability on March 26th, 1883. and that the cause of action became barred in six years from that date.
This might be so were it not for the provisions of section 4974, Revised Statutes, passed in 1880, and also found in said chapter 2. Said section reads'as follows:
“Section 4974. This chapter shall not apply to actions already commenced, nor to eases wherein the right of action has already accrued; but the statutes in force when the action accrued shall be applicable to such cases, according to the subject of the action and without regard to the form; nor shall this chapter apply in the case of a continuing and subsisting trust, nor to an action by a vendee of real property, in possession thereof, to obtain a conveyance of it.”
As section 4986 as amended March 26th, 1883, is to be regarded and construed as though intro, duced into the place of the repealed section, it forms a part of said chapter 2, and by the express provisions of said section 4974, said chapter 2 does not apply to eases wherein the right of action had *538 already accrued. And as the right of action of the plaintiff had accrued before said amendment of said section 4986, removing her disabilities, it follows that said removal did not apply to her case, and that her rights remained the same as if there had been no such removal.
It was provided in the statute of limitations passed in 1831, that it should not apply to actions already commenced, nor to causes of action already accrued, and that the statute of limitations in force at the time of the accruing of any right of action should be applicable to such action. That provision has been retained in our statute of limitations ever since, and is now found in said section 4974, re-enacted in the year 1880.
The amendment of section 4986, March 26th, 1883, by removing the disability of a married woman as to rights of action concerning her separate property, changed the statute of limitations in that regard, and shortened the time within which a married woman could commence an action concerning her separate property.
That change of the statute of limitations could not apply to causes of action already accrued, without violating the statutory provision in force ever since 1831, to the effect that the statute of limitations in force at the time the right of action accrues, shall govern the case. This rule was recognized in Webster v. Bible Society, 50 Ohio St., 1, 17.
Again, it is provided in section 79 Revised Statutes, that a repeal or amendment of a statute shall not affect causes of action existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.
It is not expressly provided in the amendment *539 of said section 4986, March 26, 1883, that it shall apply to, or affect causes of action then existing; neither is there an implication to that effect.
It therefore follows by force of both said sections, 4974 and 79, that said amendment of March 26th, 1883, does not apply to or affect her accrued right of action; and therefore her disability as a married woman continued until she was divorced, January 26th, 1889. As she commenced her action in less than six years after her divorce, it is clear that her action was not barred by the statute of limitations.
The court of common pleas was right in overruling the demurrer to the petition, and the circuit court erred in reversing the judgment. The judgment of the circuit court is reversed and that of the common pleas affirmed.

Judgment reversed.